1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDRA DICKERSON o/b/o W.E.T., | Case No.  1:22-cv-01217-SAB |
| Plaintiff, | ORDER APPOINTING ADRIANNA SALGADO AS GUARDIAN AD LITEM FOR PLAINTIFF W.E.T. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF No. 3) |
| Defendant. | |

On September 23, 2022, Kendra Dickerson filed this action on behalf of Plaintiff W.E.T. ("Plaintiff"), a minor, challenging a final decision of the Commissioner of Social Security denying an application for disability benefits.  (ECF No. 1.)  Concurrently with the complaint, a petition to appoint Kendra Dickerson ("Petitioner") as guardian ad litem for Plaintiff was filed. (ECF No. 3.)

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf.  Fed. R. Civ. P. 17(c).  This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation.  U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986).  The appointment of the guardian ad litem is more than a mere formality.  Id.  "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific

1

litigation." Id.  A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015).  This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward.  Id. (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." Gonzalez v. Reno, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212 F.3d 1338 (11th Cir. 2000).  While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. Anthem Life Ins. Co. v. Olguin, No. 1:06-cv-01165 AWI NEW (TAG), 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007).  Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child.  Id., at *2.

The Court has considered the petition of Kendra Dickerson for appointment as guardian ad litem for W.E.T., and finds that no conflict that would preclude her serving as a guardian ad litem for W.E.T.  (ECF No. 3.)  The filing indicates W.E.T. is the son of Kendra Dickerson, that he resides with Ms. Dickerson, and that Ms. Dickerson is competent to be W.E.T.'s guardian and has no interests adverse to W.E.T.'s claims.

Accordingly, IT IS HEREBY ORDERED that Kendra Dickerson is appointed guardian ad litem for minor W.E.T.

IT IS SO ORDERED.

Dated:   **September 27, 2022**

UNITED STATES MAGISTRATE JUDGE